**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al.*,[1]<br><br>        Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br><br>(Jointly Administered) |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*,<br><br>        Plaintiff,<br><br>      v.<br><br>CENCORA, INC. f/k/a AMERISOURCEBERGEN DRUG CORPORATION, MWI VETERINARY SUPPLY CO.,<br><br>        Defendants. | <br><br>Adv. Proc. No. 24-50043 (KBO)<br><br><br><br>**Related Adv. D.I.: 1, 19, 36 and 37** |

**AMENDED SCHEDULING ORDER**

Upon the *Certification of Counsel Regarding Amended Scheduling Order* (the "Certification")[2]; and it appearing that Plaintiff and Defendants have agreed to further extend the time for Defendants to answer, move, or otherwise respond to Plaintiff's complaint through and including September 25, 2024, and to extend the deadlines set forth in the Scheduling Order ; and it appearing that good cause exists to grant the relief requested; it is hereby:

---

[1]    The Debtors in these Chapter 7 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Akorn Holding Company LLC (9190); Akorn Intermediate Company LLC (6123) and Akorn Operating Company LLC (6184). The Debtors' headquarters was located at 5605 CenterPoint Court, Gurnee, Illinois 60031.

[2]    Capitalized terms used but not defined herein are defined in the Certification.

52994418.2

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The time within which Defendants must answer, move, or otherwise respond to the Complaint is hereby extended through and including September 25, 2024 (the "Response Deadline").

2.      All rights are reserved with regards to any further requests for extensions of the Response Deadline.

3.      All fact discovery shall be completed no later than December 16, 2024.

4.      The parties shall provide expert reports for an issue on which they bear the burden of proof by January 17, 2025.  Any parties' expert report intended to rebut any other expert report, shall be provided by February 7, 2025.  All reports shall provide the information required by Fed. R. Civ. P. 26(a)(2)(B).  All expert discovery shall be completed, and discovery shall close, by February 28, 2025.

5.      On or before December 16, 2024, the parties shall file a "Stipulation Regarding Appointment of a Mediator" or a statement that the parties cannot agree on a mediator and a request that the Court select and appoint a mediator to the proceeding.

6.      Within sixty (60) days after the entry of an Order Assigning the Adversary Proceeding to Mediation, the mediator shall either (a) file the mediator's certificate of completion, or, (b) if the mediation is not concluded, file a status report that provides the projected schedule for completion of the mediation.

7.      All dispositive motions shall be filed and served by a date no later than thirty (30) days after the close of all discovery and shall be subject to Rule 7007-1 of the Local Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

8.      As soon as is feasible after the close of all discovery and the resolution of any dispositive motions, Plaintiff shall contact the Court to schedule a time for trial and a final pretrial conference in accordance with Local Rule 7016-2(a).

9.      The parties shall file, no later than two (2) business days prior to the earlier of the date set for (i) pre-trial conference (if one is scheduled) or (ii) trial, their final pretrial order approved by all counsel and shall contemporaneously deliver two (2) copies thereof to Judge Owens's chambers.

10.     Plaintiff shall immediately notify the Court upon the settlement, dismissal, or other resolution of the above-captioned adversary proceeding and shall promptly file with the Court appropriate evidence of such resolution.  Plaintiff shall file a status report forty-five (45) days after the date of this Scheduling Order, each forty-five (45) days thereafter, and thirty (30), twenty (20), and ten (10) days prior to trial, setting out the status of the unresolved adversary proceeding subject to this Order.  Plaintiff shall immediately advise the Court, in writing, of any occurrence or circumstance which Plaintiff believes may suggest or necessitate the adjournment or other modification of the trial setting.

11.     Deadlines contained in this Order may be extended by agreement of the parties, as reflected in an amended order submitted under certification of counsel, or by order of this Court for cause.

12.     Plaintiff shall serve this Order on each Defendant within five (5) business days after

the entry of this Order.

13.     This Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Order.


Dated: September 12th, 2024
Wilmington, Delaware

*Ka B. O*

KAREN B. OWENS
UNITED STATES BANKRUPTCY JUDGE

4