## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| AKORN HOLDING COMPANY LLC, *et al.*,[1] | Case No. 23-10253 (KBO) |
| Debtors. | (Jointly Administered) |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*, | |
| Plaintiff, | |
| v. | Adv. Proc. No. 24-50043 (KBO) |
| CENCORA, INC. f/k/a AMERISOURCEBERGEN DRUG CORPORATION,[2] MWI VETERINARY SUPPLY CO., | |
| Defendants. | |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS

---

[1] The Debtors in these Chapter 7 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Akorn Holding Company LLC (9190); Akorn Intermediate Company LLC (6123) and Akorn Operating Company LLC (6184). The Debtors' headquarters was located at 5605 CenterPoint Court, Gurnee, Illinois 60031.

[2] The case caption incorrectly refers to AmerisourceBergen Drug Corporation as Cencora, Inc. f/k/a AmerisourceBergen Drug Corporation.

**TABLE OF CONTENTS**

Page

INTRODUCTION ........................................................................................................... 1

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING .............................. 2

STATEMENT OF FACTS ............................................................................................... 2

ARGUMENT ................................................................................................................ 4

    A.    The Fifth Count for Turnover of Property Fails as a Matter of Law. ................................. 4

    B.    The Sixth Count for Disallowance of Proofs of Claim Fails as a Matter of Law. .............. 6

CONCLUSION .............................................................................................................. 7

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..............................................................................................4

*Asousa P'ship v. Pinnacle Foods, Inc.*,
    264 B.R. 376 (Bankr. E.D. Pa. 2001) ...................................................................5

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)..............................................................................................4

*City of Chicago, Ill. v. Fulton*,
    592 U.S. 154 (2021)..............................................................................................4

*In re Centennial Coal, Inc.*,
    278 B.R. 54 (Bankr. D. Del. 2002) .......................................................................5

*In re DHP Holdings II Corp.*,
    435 B.R. 264 (Bankr. D. Del. 2010) .....................................................................5

*In re Hechinger Inv. Co. of Del., Inc.*,
    282 B.R. 149 (Bankr. D. Del. 2002) ..................................................................4, 5

*In re IPC Int'l Corp.*,
    2014 WL 5544692 (Bankr. D. Del. Nov. 3, 2014) ...........................................5, 6

*In re Jamuna Real Estate, LLC*,
    357 B.R. 324 (Bankr. E.D. Pa. 2006) ...................................................................5

*Miller v. McKesson Corp. (In re Akorn, Inc.)*,
    Adv. Pro. No. 24-50042-KBO, D.I. 20 (Bankr. D. Del. June 3, 2024) ..................1

*Miller v. McKesson Corp. (In re Akorn, Inc.)*,
    Adv. Pro. No. 24-50042-KBO, D.I. 45 (Bankr. D. Del. September 17, 2024).........1

*U.S. v. Whiting Pools, Inc.*,
    462 U.S. 198 (1983)..............................................................................................4

**Statutes**

11 U.S.C. § 363...............................................................................................................4, 5

11 U.S.C. § 542............................................................................................................. *passim*

Uniform Commercial Code § 2-712 .................................................................................1

**Other Authorities**

Fed. R. Bankr. P. 7008 and Local R. 7008-1 ........................................................................1

Fed. R. Bankr. P. 7012(b) and Local R. 7012-1 .................................................................1

Fed. R. Evid. 201(b)(2) .......................................................................................................3

AmerisourceBergen Drug Corporation ("ABDC") and MWI Veterinary Supply Co. ("MWI," and, together with ABDC, "Defendants"), by and through their undersigned counsel, hereby move to dismiss the fifth and sixth counts[3] of the Complaint filed by George L. Miller ("Plaintiff" or "Trustee"), as the duly appointed Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, Akorn Intermediate Company LLC, and Akorn Operating Company LLC (collectively, "Debtors").[4]

## INTRODUCTION

1.       ABDC is one of the largest distributors of pharmaceuticals in the United States. Debtors manufactured and sold pharmaceutical goods to ABDC for distribution to retailers and others.  As an affiliate of ABDC, MWI also purchased and distributed veterinary products produced for it by Debtors.  These activities continued until the time Debtors filed for bankruptcy in February 2023 and ceased their business operations.

2.       In connection with the bankruptcy filing and business cessation, Debtors and Trustee issued a national recall of a large portion of their pharmaceutical products, including those that had been sold to Defendants.  As a result of the recall, Defendants incurred significant contractual losses (such as but not limited to the cost to "cover" equivalent substitutable products[5]).

---

[3] This *Memorandum of Law in Support of Defendants' Motion to Dismiss* submits arguments identical to those arguments advanced by Defendants McKesson Corporation, McKesson Specialty Care Distribution LLC, and McKesson Medical-Surgical, Inc. ("McKesson").  *See, e.g., Miller v. McKesson Corp. (In re Akorn, Inc.)*, Adv. Pro. No. 24-50042-KBO, D.I. 20 (Bankr. D. Del. June 3, 2024).  This Court accepted McKesson's arguments in dismissing counts identical to those at issue in these proceedings.  *See id.*, D.I. 45.

[4] In accordance with Local Rules 7008-1 and 7012-1, and Rules 7008 and 7012(b) of the Federal Rules of Bankruptcy Procedure, Defendants state that they do not consent to entry of final orders or judgment by the Court in this Adversary Proceeding.

[5] "Cover" is a legal term contained in § 2-712 of the Uniform Commercial Code ("UCC").  Under this section of the UCC, when a seller of goods breaches a product supply agreement, the buyer may "cover" by purchasing substitute goods to those due from the breaching seller.  UCC § 2-712(1).  In the situation where the seller of goods breaches, the "covering" buyer is entitled to recover its damages.  UCC § 2-712(2).

3.      Defendants hold, among other applicable rights to damages, recoupment, setoff, netting, and deduction rights against any amounts owed to Debtors.  In other words, Defendants do not owe Debtors for products that Defendants and their customers were unable to sell due to the recall.  Accordingly, Trustee's contractual claims against Defendants are contested and unliquidated.

4.      Counts five (5) and six (6) of the Complaint seek bankruptcy remedies pursuant to and derivative of Section 542 of the Bankruptcy Code.  The Court should dismiss these claims because a Section 542 turnover claim is legally deficient where, as is the case here, the claims are unliquidated and contested contractual claims.  More specifically, Defendants simply are not in possession of property of the bankruptcy estate.

5.      What is more, count six (6) of the Complaint for claim disallowance of Defendants' proofs of claim is similarly faulty because it is premised on an alleged Section 542 turnover right. For the same reason that the turnover claim fails, so too does the claim disallowance cause of action.

## STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

6.      This is an adversary proceeding brought by Trustee against Defendants.  This motion constitutes Defendants' first substantive submission on the docket of this proceeding.

## STATEMENT OF FACTS

7.      Debtors were national manufacturers of branded and generic pharmaceuticals. Complaint, ¶¶ 11–12.

8.      Defendants purchased pharmaceutical products from Debtors pursuant to written agreements (the "Agreements").  *Id.* ¶¶ 14(a)–(f).  Debtors subsequently supplied and invoiced Defendants for those products.  *Id.* ¶ 24.

11027406.v3

9.      Debtors allege that they are owed monies from Defendants for products they delivered. *Id.* ¶¶ 24–29.

10.     Debtors filed voluntary petitions for Chapter 7 bankruptcy relief on February 23, 2023 ("Petition Date"). *Id.* ¶ 9. The United States Trustee appointed George L. Miller as the Chapter 7 Trustee. *Id.* ¶ 10.

11.     Debtors have ceased all business operations. *Id.* ¶ 13.

12.     On or about May 2, 2023, Trustee and/or Debtors issued a nationwide recall of a significant number of pharmaceutical products, which Debtors announced was in connection with the bankruptcy filings and the cessation of Debtors' business operations. The U.S. Food and Drug Administration ("FDA") publicly posted the recall announcement.[6]

13.     On behalf of itself and its affiliates, ABDC filed three Proofs of Claim in the Debtors' cases on June 26, 2023, based on the damages Defendants had incurred and were continuing to incur due to Debtors' failure to perform under the Agreements after the Petition Date. *See, e.g.*, Claim 376-1, Attachment 1 at ¶ 3. ABDC asserted a secured claim for Defendants' setoff, netting, and deduction rights against any accounts payable owed to the Debtors for the purchase of products. *See, e.g.*, Claim 376-1, Attachment 1 at ¶ 5.[7]

---

[6] *See UPDATE – Akorn Issues Voluntary Nationwide Recall of Various Human and Animal Drug Products within Expiry Due to Company Shutdown*, available at https://www.fda.gov/saf ety/recalls-market-withdrawals-safety-alerts/update-akorn-issues-voluntary-nationwide-recall-various-human-and-animal-drug-products-within-expiry#recall-announcement. The Court can take judicial notice of the recall notice pursuant to Rule 201(b)(2) of the Federal Rules of Evidence because the asserted fact can be accurately and readily determined from accurate sources (*e.g.*, the FDA's public website).

[7] The proofs of claim filed by Defendants were in excess of $13,000,000, with the final number still to be calculated.

11027406.v3

## **ARGUMENT**

**A.    The Fifth Count for Turnover of Property Fails as a Matter of Law.[8]**

14.    Trustee is wrongly attempting to dress up a contract claim as a turnover action under Section 542(a) of the Bankruptcy Code.  The Court should dismiss this claim because Section 542(a) does not apply to contested and unliquidated contract claims.

15.    A claim under Section 542(a) is premised and dependent on defendant's possession of "property of the estate."  Section 542(a) provides in pertinent part:

> [A]n entity . . . in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title . . . shall deliver to the trustee, and account for, such property or the value of such property.

11 U.S.C. § 542(a).  Likewise, under Section 363 of the Bankruptcy Code, a trustee may only use, sell, or lease "property of the estate."  11 U.S.C. § 363(b)(1).

16.    To trigger a turnover obligation under Section § 542(a), the defendant must be actually in possession of "property of the estate."  *See, e.g.*, *U.S. v. Whiting Pools, Inc*., 462 U.S. 198 (1983); *see also City of Chicago, Ill. v. Fulton*, 592 U.S. 154 (2021).

17.    In the present instance, Defendants are not in possession of property of the estate. Trustee has asserted unliquidated breach of contract claims for alleged non-payment.  Trustee may have standing to pursue Debtors' contract claims, but there is no "property of the estate" in Defendants' possession to turnover.  The subject property is the causes of action for alleged breach of contract, and Trustee (not Defendants) is in possession of that.  *See In re Hechinger Inv. Co. of Del., Inc*., 282 B.R. 149, 161 (Bankr. D. Del. 2002) ("[t]he fact that [d]ebtor may have equitable interests in certain breach of contract claims which seek to recover the [funds], which interests

---

[8] To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

constitute property of the estate" does not make the funds "subject to turnover under § 542 as property that the [d]ebtor may use under [S]ection 363" (cleaned up)); *In re Jamuna Real Estate, LLC*, 357 B.R. 324, 334 (Bankr. E.D. Pa. 2006) (finding that the claims were not strictly turnover claims and that there was a *bona fide* dispute because "the Court d[id] not know whether the funds sought to be recovered [were] (or [were] not) estate property").

18.    Likewise, even if Trustee's potential claim arises under Section 542(b), rather than Section 542(a) (which it does not),[9] it also fails.  A claim under Section 542(b) is premised and dependent on a defendant owing a "debt" to a debtor that is both "property of the estate" and "matured, payable on demand, or payable on order."  11 U.S.C. § 542(b).

19.    Trustee's contract claim does not meet these requirements.  In this Circuit, Section 542(b) cannot be used to liquidate contract disputes.  *In re DHP Holdings II Corp.*, 435 B.R. 264, 271 (Bankr. D. Del. 2010) ("It is settled law that the debtor cannot use the turnover provisions of [Section 542] to liquidate contract disputes or otherwise demand assets whose title is in dispute." (quoting *U.S. v. Inslaw, Inc.*, 932 F.2d 1467, 1472 (D.C. Cir. 1991)) (cleaned up)); *In re Centennial Coal, Inc.*, 278 B.R. 54, 58 (Bankr. D. Del. 2002) (holding action to collect amounts owed under pre-petition agreement, that was disputed, is non-core); *Asousa P'ship v. Pinnacle Foods, Inc.*, 264 B.R. 376, 384 (Bankr. E.D. Pa. 2001) (stating Section 542(b) is "available to debtors to obtain what is acknowledged to be property of the bankruptcy estate").

20.    Furthermore, a trustee may not use Section 542(b) to recover a debt where there is a *bona fide* dispute.  *In re IPC Int'l Corp.*, 2014 WL 5544692, at *2 (Bankr. D. Del. Nov. 3, 2014); *see also Allfirst Bank*, 282 B.R. at 162.  A bona fide dispute exists "[i]f there is a genuine issue of

---

[9] Although count five (5) of Trustee's Complaint is unclear as to which provision of Section 542 its turnover claim arises from, Paragraph 68 of the Complaint provides clarity:  the relief Trustee seeks in count (5) arises "[p]ursuant to sections 105(a) and 542(a) of the Bankruptcy Code."  Complaint, ¶ 68.

a material fact that bears upon the . . . liability, or a meritorious contention as to the application of law to undisputed facts." *In re IPC Int'l Corp.*, 2014 WL 5544692, at *3 (quoting *B.D.W. Assocs., Inc. v. Busy Beaver Bldg. Centers, Inc.*, 865 F.2d 65, 66 (3d Cir. 1989)).

21.     Here, Trustee is attempting to use Section 542(b) to liquidate a disputed contract claim.  It is beyond dispute that Debtors' pharmaceutical products were recalled, Debtors breached or did not fully perform under the Agreements, and that Defendants suffered significant damages from these breaches.  The amount of money owed under the Agreements (if any) is unclear.  The amount owed will only be determined by full resolution of this proceeding, and the breach of contract claims therein.

**B.     The Sixth Count for Disallowance of Proofs of Claim Fails as a Matter of Law.**

22.     Trustee's sixth count for disallowance of Defendants' Proofs of Claim is similarly premised on its right to recover property under Section 542.  Complaint, ¶¶ 70–71.  Accordingly, for the same reasons that Trustee's turnover claim is flawed, so too is its claim disallowance cause of action.

11027406.v3

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court dismisses with prejudice Trustee's fifth count for turnover of property and sixth count for disallowance of proofs of claim.

Dated:  November 15, 2024
Wilmington, Delaware

/s/ Michael W. Yurkewicz
Michael W. Yurkewicz (DE Bar No. 4165)
Alyssa M. Radovanovich (DE Bar No. 7101)
**KLEHR HARRISON HARVEY BRANZBURG LLP**
919 North Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone:    (302) 426-1189
Facsimile:     (302) 426-9193
Email:  myurkewicz@klehr.com
            aradovanovich@klehr.com

Morton R. Branzburg (admitted *pro hac vice*)
Ryan M. Moore (admitted *pro hac vice*)
**KLEHR HARRISON HARVEY BRANZBURG LLP**
1835 Market Street, 14th Floor
Philadelphia, Pennsylvania 19103
Telephone:    (215) 569-2700
Facsimile:     (215) 568-6603
Email:  mbranzburg@klehr.com
            rmoore@klehr.com

*Counsel to AmerisourceBergen Drug Corporation and MWI Veterinary Supply Co.*

11027406.v3