## EXHIBIT A

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br><br>(Jointly Administered) |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>CENCORA, INC. f/k/a AMERISOURCEBERGEN DRUG CORPORATION, MWI VETERINARY SUPPLY CO.,<br><br>Defendants. | Adv. Proc. No. 24-50043 (KBO)<br><br>**Related Adv. D.I.: 1, 38, 48 and ___** |

## SECOND AMENDED SCHEDULING ORDER

Upon the *Certification of Counsel Regarding Second Amended Scheduling Order* (the "Certification"); and it appearing that the above-captioned Plaintiff and Defendants have agreed to extend the time for Plaintiff to file its answering brief to Defendants' motion to dismiss through and including December 13, 2024, and to extend the deadlines set forth in the *Amended Scheduling Order* [Adv. D.I. 38]; and it appearing that good cause exists to grant the relief requested; it is hereby:

---

[1] The Debtors in these Chapter 7 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Akorn Holding Company LLC (9190); Akorn Intermediate Company LLC (6123) and Akorn Operating Company LLC (6184). The Debtors' headquarters was located at 5605 CenterPoint Court, Gurnee, Illinois 60031.

52994418.2

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The time within which Plaintiff must file its answering brief to *Defendants' Motion to Dismiss Complaint* [Adv. D.I. 48] (the "Motion") is hereby extended through and including December 13, 2024 (the "Response Deadline"). All other deadlines relating to the Motion shall be governed by Rule 7007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

2. All rights are reserved with regards to any further requests for extensions of the Response Deadline.

3. All fact discovery shall be completed no later than January 27, 2025.

4. The parties shall provide expert reports for an issue on which they bear the burden of proof by February 24, 2025. Any parties' expert report intended to rebut any other expert report, shall be provided by March 17, 2025. All reports shall provide the information required by Fed. R. Civ. P. 26(a)(2)(B). All expert discovery shall be completed, and discovery shall close, by April 7, 2025.

5. On or before January 27, 2025, the parties shall file a "Stipulation Regarding Appointment of a Mediator" or a statement that the parties cannot agree on a mediator and a request that the Court select and appoint a mediator to the proceeding.

6. Within sixty (60) days after the entry of an Order Assigning the Adversary Proceeding to Mediation, the mediator shall either (a) file the mediator's certificate of completion, or, (b) if the mediation is not concluded, file a status report that provides the projected schedule for completion of the mediation.

7. All dispositive motions shall be filed and served by a date no later than thirty (30) days after the close of all discovery and shall be subject to Local Rule 7007-1.

8. As soon as is feasible after the close of all discovery and the resolution of any dispositive motions, Plaintiff shall contact the Court to schedule a time for trial and a final pretrial conference in accordance with Local Rule 7016-2(a).

9. The parties shall file, no later than two (2) business days prior to the earlier of the date set for (i) pre-trial conference (if one is scheduled) or (ii) trial, their final pretrial order approved by all counsel and shall contemporaneously deliver two (2) copies thereof to Judge Owens's chambers.

10. Plaintiff shall immediately notify the Court upon the settlement, dismissal, or other resolution of the above-captioned adversary proceeding and shall promptly file with the Court appropriate evidence of such resolution. Plaintiff shall file a status report forty-five (45) days after the date of this Scheduling Order, each forty-five (45) days thereafter, and thirty (30), twenty (20), and ten (10) days prior to trial, setting out the status of the unresolved adversary proceeding subject to this Order. Plaintiff shall immediately advise the Court, in writing, of any occurrence or circumstance which Plaintiff believes may suggest or necessitate the adjournment or other modification of the trial setting.

11. Deadlines contained in this Order may be extended by agreement of the parties, as reflected in an amended order submitted under certification of counsel, or by order of this Court for cause.

12.     Plaintiff shall serve this Order on each Defendant within five (5) business days after the entry of this Order.

13.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.