## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| AKORN HOLDING COMPANY LLC, *et al.*,[1] | Case No. 23-10253 (KBO) |
| Debtors. | (Jointly Administered) |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*, | |
| Plaintiff, | |
| v. | Adv. Proc. No. 24-50043 (KBO) |
| CENCORA, INC. f/k/a AMERISOURCEBERGEN DRUG CORPORATION,[2] MWI VETERINARY SUPPLY CO., | |
| Defendants. | |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT FOR (I) PAYMENT OF GOODS SOLD AND DELIVERED, (II) BREACH OF CONTRACT, (III) ACCOUNT STATED, (IV) UNJUST ENRICHMENT (IN THE ALTERNATIVE), (V) TURNOVER OF ACCOUNTS RECEIVABLE, AND (VI) DISALLOWANCE OF CLAIMS

AmerisourceBergen Drug Corporation ("ABDC") and MWI Veterinary Supply Co. ("MWI," and, together with ABDC, "Defendants"), by and through their undersigned counsel, hereby submits this Answer and Affirmative Defenses (the "Answer") to the *Complaint for (I) Payment of Goods Sold and Delivered, (II) Breach of Contract, (III) Account Stated, (IV) Unjust*

---

[1] The Debtors in these Chapter 7 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Akorn Holding Company LLC (9190); Akorn Intermediate Company LLC (6123) and Akorn Operating Company LLC (6184). The Debtors' headquarters was located at 5605 CenterPoint Court, Gurnee, Illinois 60031.

[2] The case caption incorrectly refers to AmerisourceBergen Drug Corporation as Cencora, Inc. f/k/a AmerisourceBergen Drug Corporation. Cencora, Inc., f/k/a AmersourceBergen Corporation, is the parent company of AmerisourceBergen Drug Corporation.

*Enrichment (in the Alternative), (V) Turnover of Accounts Receivable, and (VI) Disallowance of Claims* [D.I. 1] (the "<u>Complaint</u>") filed by George L. Miller ("<u>Plaintiff</u>"), Chapter 7 Trustee for the bankruptcy estates of Akorn Holding Company LLC, Akorn Intermediate Company LLC and Akorn Operating Company LLC (collectively, the "<u>Debtors</u>"), and states as follows:

## JURISDICTION AND VENUE

1.      Admitted.

2.      Admitted.

3.      Admitted.

4.      The record of the Court speaks for itself, and Defendants deny any allegation set forth in paragraph 4 of the Complaint that is inconsistent therewith.

## PARTIES

5.      The record of the Court speaks for itself, and Defendants deny any allegation set forth in paragraph 5 of the Complaint that is inconsistent therewith.

6.      Admitted, except that the case caption incorrectly refers to ABDC as "Cencora, Inc. f/k/a AmerisourceBergen Drug Corporation."

7.      Admitted.

8.      Admitted.

## BACKGROUND FACTS

9.      The record of the Court speaks for itself, and Defendants deny any allegation set forth in paragraph 9 of the Complaint that is inconsistent therewith.

10.      The record of the Court speaks for itself, and Defendants deny any allegation set forth in paragraph 10 of the Complaint that is inconsistent therewith.

11.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 11 of the Complaint and, therefore, deny the allegations contained therein.

12.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 12 of the Complaint and, therefore, deny the allegations contained therein.

13.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 13 of the Complaint and, therefore, deny the allegations contained therein.

14.     Defendants state that any agreements between the parties speaks for themselves and, to the extent Plaintiff interprets, misstates, misquotes, or otherwise mischaracterizes their terms, Defendants deny the allegations of paragraph 14 of the Complaint and its subparts.

### *Master Distribution Services Agreement*

15.     Defendants state that the agreement between the parties speaks for itself and to the extent Plaintiff interprets, misstates, misquotes, or otherwise mischaracterizes its terms, Defendants deny the allegations of paragraph 15 of the Complaint.

16.     Defendants state that the agreement between the parties speaks for itself and to the extent Plaintiff interprets, misstates, misquotes, or otherwise mischaracterizes its terms, Defendants deny the allegations of paragraph 16 of the Complaint.

17.     Defendants state that the agreement between the parties speaks for itself and to the extent Plaintiff interprets, misstates, misquotes, or otherwise mischaracterizes its terms, Defendants deny the allegations of paragraph 17 of the Complaint.

### *MWI Supply Agreement*

18.     Defendants state that the agreement between the parties speaks for itself and to the extent Plaintiff interprets, misstates, misquotes, or otherwise mischaracterizes its terms, Defendants deny the allegations of paragraph 18 of the Complaint.

11272736.v3

19.    Defendants state that the agreement between the parties speaks for itself and to the extent Plaintiff interprets, misstates, misquotes, or otherwise mischaracterizes its terms, Defendants deny the allegations of paragraph 19 of the Complaint.

20.    Defendants state that the agreement between the parties speaks for itself and to the extent Plaintiff interprets, misstates, misquotes, or otherwise mischaracterizes its terms, Defendants deny the allegations of paragraph 20 of the Complaint.

*MWI Distribution Agreement*

21.    Defendants state that the agreement between the parties speaks for itself and to the extent Plaintiff interprets, misstates, misquotes, or otherwise mischaracterizes its terms, Defendants deny the allegations of paragraph 21 of the Complaint.

22.    Defendants state that the agreement between the parties speaks for itself and to the extent Plaintiff interprets, misstates, misquotes, or otherwise mischaracterizes its terms, Defendants deny the allegations of paragraph 22 of the Complaint.

23.    Defendants state that the agreement between the parties speaks for itself and to the extent Plaintiff interprets, misstates, misquotes, or otherwise mischaracterizes its terms, Defendants deny the allegations of paragraph 23 of the Complaint.

24.    Defendants state that the agreement between the parties speaks for itself and to the extent Plaintiff interprets, misstates, misquotes, or otherwise mischaracterizes its terms, Defendants deny the allegations of paragraph 24 of the Complaint.

25.    The allegations of paragraph 25 of the Complaint relate to invoices which are set forth in writings that are the best evidence of their contents.  The allegations of paragraph 25 are denied.

26.    Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     The allegations of paragraph 30 of the Complaint relate to demand letters which are set forth in writings that are the best evidence of their contents.  These allegations and the other allegations of paragraph 30 are denied.

31.     Denied.

32.     The record of the Court speaks for itself, and Defendants deny any allegation set forth in paragraph 32 of the Complaint that is inconsistent therewith.

## CLAIMS FOR RELIEF

### COUNT I
### (Goods Sold and Delivered)

33.     Defendants repeat and re-allege each of the responses set forth above in paragraphs 1 through 32 of the Complaint as though fully set forth at length herein.

34.     The allegations of paragraph 34 of the Complaint state legal conclusions to which no responsive pleading is required.  To the extent an answer is required, the allegations of paragraph 34 of the Complaint are denied.

35.     The allegations of paragraph 35 of the Complaint state legal conclusions to which no responsive pleading is required.  To the extent an answer is required, the allegations of paragraph 35 of the Complaint are denied.

36.     The allegations of paragraph 36 of the Complaint state legal conclusions to which no responsive pleading is required.  To the extent an answer is required, the allegations of paragraph 36 of the Complaint are denied.

37.     Denied.

11272736.v3

38.     Denied.

39.     The allegations of paragraph 39 of the Complaint state legal conclusions to which no responsive pleading is required.  To the extent an answer is required, the allegations of paragraph 39 of the Complaint are denied.

The unnumbered paragraph following paragraph 39 contains a prayer for relief for which no responsive pleading is required.  To the extent an answer is required, the Defendants deny the allegations of this unnumbered paragraph.

## COUNT II
### (Breach of Contract)

40.     Defendants repeat and re-allege each of the responses set forth above in paragraphs 1 through 32 of the Complaint as though fully set forth at length herein.

41.     Defendants state that the agreement between the parties speaks for itself and to the extent Plaintiff interprets, misstates, misquotes, or otherwise mischaracterizes its terms, Defendants deny the allegations of paragraph 41 of the Complaint.

42.     The allegations of paragraph 42 of the Complaint state legal conclusions to which no responsive pleading is required.  To the extent an answer is required, the allegations of paragraph 42 of the Complaint are denied.

43.     The allegations of paragraph 43 of the Complaint state legal conclusions to which no responsive pleading is required.  To the extent an answer is required, the allegations of paragraph 43 of the Complaint are denied.

44.     The allegations of paragraph 44 of the Complaint state legal conclusions to which no responsive pleading is required.  To the extent an answer is required, the allegations of paragraph 44 of the Complaint are denied.

11272736.v3

45.     The allegations of paragraph 45 of the Complaint state legal conclusions to which no responsive pleading is required.  To the extent an answer is required, the allegations of paragraph 45 of the Complaint are denied.

The unnumbered paragraph following paragraph 45 contains a prayer for relief for which no responsive pleading is required.  To the extent an answer is required, the Defendants deny the allegations of this unnumbered paragraph.

### COUNT III
### (Account Stated)

46.     Defendants repeat and re-allege each of the responses set forth above in paragraphs 1 through 32 of the Complaint as though fully set forth at length herein.

47.     The allegations of paragraph 47 of the Complaint state legal conclusions to which no responsive pleading is required.  To the extent an answer is required, the allegations of paragraph 47 of the Complaint are denied.

48.     The allegations of paragraph 48 of the Complaint relate to invoices which are set forth in writings that are the best evidence of their contents.  These allegations therefore are denied.

49.     The allegations of paragraph 49 of the Complaint state legal conclusions to which no responsive pleading is required.  To the extent an answer is required, the allegations of paragraph 49 of the Complaint are denied.

50.     The allegations of paragraph 50 of the Complaint relate to demand letters which are set forth in writings that are the best evidence of their contents.  These allegations therefore are denied.

51.     Denied.

11272736.v3

52.     The allegations of paragraph 52 of the Complaint state legal conclusions to which no responsive pleading is required.  To the extent an answer is required, the allegations of paragraph 52 of the Complaint are denied.

The unnumbered paragraph following paragraph 52 contains a prayer for relief for which no responsive pleading is required.  To the extent an answer is required, the Defendants deny the allegations of this unnumbered paragraph.

## COUNT IV
### (In the Alternative – Unjust Enrichment)

53.     Defendants repeat and re-allege each of the responses set forth above in paragraphs 1 through 32 of the Complaint as though fully set forth at length herein.

54.     The allegations of paragraph 54 of the Complaint state legal conclusions to which no responsive pleading is required.  To the extent an answer is required, the allegations of paragraph 54 of the Complaint are denied.

55.     The allegations of paragraph 55 of the Complaint state legal conclusions to which no responsive pleading is required.  To the extent an answer is required, the allegations of paragraph 55 of the Complaint are denied.

56.     Denied.

57.     The allegations of paragraph 57 of the Complaint state legal conclusions to which no responsive pleading is required.  To the extent an answer is required, the allegations of paragraph 57 of the Complaint are denied.

58.     The allegations of paragraph 58 of the Complaint state legal conclusions to which no responsive pleading is required.  To the extent an answer is required, the allegations of paragraph 58 of the Complaint are denied.

11272736.v3

The unnumbered paragraph following paragraph 58 contains a prayer for relief for which no responsive pleading is required. To the extent an answer is required, the Defendants deny the allegations of this unnumbered paragraph.

## COUNT V
### (Turnover of Property – 11 U.S.C. §§ 105(a) and 542)

59.     Defendants repeat and re-allege each of the responses set forth above in paragraphs 1 through 32 of the Complaint as though fully set forth at length herein.

60.     The allegations of paragraph 60 were dismissed pursuant to the Court's December 17, 2024 Order. Therefore, no responsive pleading is required.

61.     The allegations of paragraph 61 were dismissed pursuant to the Court's December 17, 2024 Order. Therefore, no responsive pleading is required.

62.     The allegations of paragraph 62 were dismissed pursuant to the Court's December 17, 2024 Order. Therefore, no responsive pleading is required.

63.     The allegations of paragraph 63 were dismissed pursuant to the Court's December 17, 2024 Order. Therefore, no responsive pleading is required.

64.     The allegations of paragraph 64 were dismissed pursuant to the Court's December 17, 2024 Order. Therefore, no responsive pleading is required.

65.     The allegations of paragraph 65 were dismissed pursuant to the Court's December 17, 2024 Order. Therefore, no responsive pleading is required.

66.     The allegations of paragraph 66 were dismissed pursuant to the Court's December 17, 2024 Order. Therefore, no responsive pleading is required.

67.     The allegations of paragraph 67 were dismissed pursuant to the Court's December 17, 2024 Order. Therefore, no responsive pleading is required.

68.    The allegations of paragraph 68 were dismissed pursuant to the Court's December 17, 2024 Order.  Therefore, no responsive pleading is required.

The unnumbered paragraph following paragraph 68 contains a prayer for relief for which no responsive pleading is required.  To the extent an answer is required, the Defendants deny the allegations of this unnumbered paragraph.

## COUNT VI
### (Disallowance of Proofs of Claim – 11 U.S.C. § 502(d))

69.    Defendants repeat and re-allege each of the responses set forth above in paragraphs 1 through 32 of the Complaint as though fully set forth at length herein.

70.    The allegations of paragraph 70 were dismissed pursuant to the Court's December 17, 2024 Order.  Therefore, no responsive pleading is required.

71.    The allegations of paragraph 71 were dismissed pursuant to the Court's December 17, 2024 Order.  Therefore, no responsive pleading is required.

72.    The allegations of paragraph 72 were dismissed pursuant to the Court's December 17, 2024 Order.  Therefore, no responsive pleading is required.

73.    The allegations of paragraph 73 were dismissed pursuant to the Court's December 17, 2024 Order.  Therefore, no responsive pleading is required.

The unnumbered paragraph following paragraph 73 contains a prayer for relief for which no responsive pleading is required.  To the extent an answer is required, the Defendants deny the allegations of this unnumbered paragraph.

## AFFIRMATIVE DEFENSES

Defendants set forth below their affirmative defenses.  Each affirmative defense is asserted as to all claims against Defendants.  By setting forth these affirmative defenses, Defendants do not assume the burden of proving any fact, issue, or element of a cause of action where such burden

11272736.v3

properly belongs to Plaintiff.  Moreover, nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to Plaintiff's allegations.  As separate and distinct affirmative defenses, Defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, its allegations, and each of its purported claims for relief, fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

By virtue of the acts of Debtors and Plaintiff, Defendants have been damaged in an amount equal to or greater than the amount of damages, if any, to which Plaintiff may be entitled and, by operation of law, Defendants are entitled to exercise their recoupment, deduction, and netting rights as against any amounts that may be due and owing to Plaintiff and/or Debtors.

## THIRD AFFIRMATIVE DEFENSE

By virtue of the acts of Debtors and Plaintiff, Defendants have been damaged in an amount equal to or greater than the amount of damages, if any, to which Plaintiff may be entitled and, by operation of law, Defendants are entitled to exercise their offset rights as against any amounts that may be due and owing to Plaintiff and/or Debtors.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, unclean hands, *in pari delicto*, and/or estoppel.

## FIFTH AFFIRMATIVE DEFENSE

Defendant hereby adopts and incorporates by reference any other affirmative defenses asserted by other defendants in any other adversary proceeding brought by Plaintiff to the extent said defenses are applicable to Defendant.

11272736.v3

## SIXTH AFFIRMATIVE DEFENSE

Defendant reserves the right to add or amend any affirmative defense to the Amended Complaint (or as otherwise further amended or modified), including, but not limited to, adding or amending any affirmative defenses that it may uncover during discovery in this matter.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the failure of Plaintiff to conduct reasonable due diligence, taking into account Defendants' known or reasonably knowable affirmative defenses.

## CONCLUSION

WHEREFORE, having fully answered, Defendants request that judgment be entered in favor of Defendants and against Plaintiff, and that Defendant be awarded its costs incurred herein and for such further relief as this Court deems just and proper.

Dated:  January 6, 2025
Wilmington, Delaware

/s/ Michael W. Yurkewicz
Michael W. Yurkewicz (DE Bar No. 4165)
Alyssa M. Radovanovich (DE Bar No. 7101)
**KLEHR HARRISON HARVEY BRANZBURG LLP**
919 North Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone:     (302) 426-1189
Facsimile:      (302) 426-9193
Email:    myurkewicz@klehr.com
              aradovanovich@klehr.com

 -and-

Morton R. Branzburg (admitted *pro hac vice*)
Ryan M. Moore (admitted *pro hac vice*)
**KLEHR HARRISON HARVEY BRANZBURG LLP**
1835 Market Street, 14th Floor
Philadelphia, Pennsylvania 19103
Telephone:     (215) 569-2700
Facsimile:      (215) 568-6603
Email    mbranzburg@klehr.com
              rmoore@klehr.com

*Counsel to AmerisourceBergen Drug Corporation and MWI Veterinary Supply Co.*

12

11272736.v3