# EXHIBIT B

**Settlement Agreement**

*Execution Version*

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Settlement Agreement") is made and entered into by and between: (i) George L. Miller, not individually, but solely in his capacity as chapter 7 trustee (the "Trustee") for the bankruptcy estates of Akorn Holding Company LLC, Akorn Intermediate Company LLC, and Akorn Operating Company LLC (collectively, the "Debtors") and (ii) AmerisourceBergen Drug Corp. ("ABDC"), and MWI Veterinary Supply Co. ("MWI", and together with ABDC, "Defendants"). Hereinafter, the Trustee and Defendants are each referred to as a "Party" or collectively as the "Parties."

**WHEREAS**, on February 23, 2023, each of the Debtors filed a voluntary petition for relief under chapter 7, title 11 of the United States Code, 11 U.S.C. §§ 101–1532 as amended, (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), and are jointly administered under the bankruptcy case number 23-10253 (KBO) (the "Chapter 7 Cases");

**WHEREAS**, on April 15, 2024, an adversary proceeding styled *George L. Miller v. Cencora, Inc. f/k/a AmerisourceBergen Drug Corp. and MWI Veterinary Supply Co.*, was filed in the Bankruptcy Court thereby commencing the adversary case number 24-50043 (KBO) (the "A/R Proceeding"), whereby the Trustee, on behalf of the Debtors' estates, asserted certain claims against Defendants, including for payment of goods sold and delivered, breach of contract, account stated, unjust enrichment, turnover of accounts receivable under sections 105(a) and 542 of the Bankruptcy Code, and disallowance of claims under section 502(d) of the Bankruptcy Code (the "A/R Claims");

**WHEREAS**, on February 19, 2025, an adversary proceeding styled *George L. Miller v. Cencora, Inc. f/k/a AmerisourceBergen Drug Corp.*, was filed in the Bankruptcy Court thereby commencing the adversary case number 25-50362 (KBO) (the "Avoidance Proceeding", and together with the A/R Proceeding, the "Adversary Proceedings"), whereby the Trustee, on behalf of the Debtors' estates, asserted certain claims against Defendant ABDC, including for avoidance and recovery of certain transfers made to ABDC prior to the Petition Date, pursuant to sections 547, 548, and 550 of the Bankruptcy Code (the "Avoidance Claims", and together with the A/R Claims, the "Claims");

**WHEREAS**, the A/R Proceeding and Avoidance Proceeding seek, respectively, the return of $54,095,663.96 and $283,072.15 from Defendants;

**WHEREAS**, Defendants filed their answer in response to the A/R Proceeding; Defendant ABDC has not filed an answer in the Avoidance Proceeding; and the Trustee has consented to extending the response deadlines in the Avoidance Proceeding; and

**WHEREAS**, following good faith, arms' length negotiations, the Parties desire to resolve the Claims on the terms set forth herein, to avoid the cost and uncertainty of litigation.

### AGREEMENT

**NOW THEREFORE,** for good and valuable consideration, the sufficiency of which the Parties acknowledge, the Parties stipulate and agree that:

1. **Recitals.** All the foregoing recitals are incorporated into this Settlement Agreement as if fully set forth herein.

2. **Court Approval.** This Settlement Agreement, and the obligations of the Parties to perform hereunder, shall become effective only upon entry of a final and non-appealable order of the Bankruptcy Court approving the Settlement Agreement (the "Approval Order"). Upon execution of the Settlement Agreement, the Trustee shall, through his counsel, promptly file an appropriate motion seeking entry of the Approval Order.

3. **No Admission of Liability.** The Parties each acknowledge that the settlement of the Claims constitutes a resolution of the Parties' disputes regarding the Claims, and that neither the Settlement Payment (as defined below) to be made hereunder nor entry into or anything contained in this Settlement Agreement is a concession or admission of any liability or wrongdoing by either Party.

4. **Settlement.** Defendants shall pay the sum of thirteen million and twenty-five thousand dollars ($13,025,000.00) (the "Settlement Payment") to the Trustee by company check, bank check, or cashier's check made payable to "George L. Miller, Trustee or Akorn Holding Company LLC, et al." and sent to the attention of George L. Miller, Chapter 7 Trustee, c/o Miller Coffey Tate LLP, 1628 John F. Kennedy Blvd., Suite 950, Philadelphia, PA 19103, or by wire transfer. The Settlement Payment shall be delivered and paid to the Trustee according to the terms hereof no later than fifteen (15) business days after entry of the Approval Order by the Bankruptcy Court.

5. **Dismissal of Adversary Proceedings**. Within ten (10) business days of receipt of the Settlement Payment, the Trustee will dismiss the Adversary Proceedings with prejudice, subject to the terms of this Settlement Agreement.

6. **Third Party Representation.** Defendants represent and warrant that their agreement to pay the Settlement Payment is not, in any way, conditioned upon any returns, claims, or chargebacks by any third-party. For sake of clarity, Defendants' negotiations with any third-party will have no impact on Defendants' representations, warranties, and agreements set forth herein, and Defendants shall be entitled to retain any funds received from any third parties in connection with any returns, claims, or chargebacks.

7. **Trustee's Release.** Effective immediately upon the later of (i) the entry of the Approval Order or (ii) the Trustee's receipt of the Settlement Payment in good and sufficient funds, the Trustee on behalf of the Debtors and the Debtors' estates shall forever discharge Defendants and their officers, directors, employees, representatives, agents and professionals, and all of their respective successors and assigns, of and from any and all manner of actions, causes of action, suits, debts, accounts, covenants, contracts, controversies, agreements, variances, damages, judgments, claims, demands, duties and obligations of any nature whatsoever, whether present or future, whether known or unknown, whether suspected or unsuspected, whether liquidated or unliquidated, whether matured or unmatured, which the Trustee, the Debtors, or the Debtors' estates, now have, or can, shall or may have at any time against Defendants in connection with the Chapter 7 Cases. This provision does not release Defendants from their obligations under this Settlement Agreement.

8.  **Defendants' Release.** Effective immediately upon the entry of the Approval Order, Defendants shall forever discharge (i) the Trustee and all of his representatives, agents and professionals, and their respective successors and assigns and (ii) the Debtors and the Debtors' estates, of and from any and all manner of actions, causes of action, suits, debts, accounts, covenants, contracts, controversies, agreements, variances, damages, judgments, claims, demands, duties and obligations of any nature whatsoever, whether present or future, whether known or unknown, whether suspected or unsuspected, whether liquidated or unliquidated, whether matured or unmatured, which Defendants, now have, or can, shall or may have at any time against the Trustee, the Debtors, or the Debtors' estates. With respect to the Claims specified herein, Defendants' releases include, but are not necessarily limited to, the release and waiver of Defendants' proofs of claim filed against the Debtors' estates and any right(s) under Section 502(h) of the Bankruptcy Code to file a proof of claim (or to modify an existing proof of claim) seeking an allowed unsecured claim equal to the Settlement Payment in the Chapter 7 Cases. This provision does not release the Trustee from his obligations under this Settlement Agreement.

9.  **Mutual Releases**. The mutual releases given hereunder are intended by the Parties to be full, final, and general releases. This Settlement Agreement covers both claims that any of the Parties know to exist as of the date of this Settlement Agreement, and any claims or potential claims existing as of the date of this Settlement Agreement whether known or unknown.

10. **No Assignment of Claim.** The Trustee represents and warrants that he has made no assignment of his rights under the Adversary Proceedings, and hereafter will make no such assignment, of any claim, cause of action, right of action, or any other right released pursuant to the terms of this Settlement Agreement.

11. **Confidentiality.** The Parties agree that the negotiations leading to this Settlement Agreement have been and remain confidential. The Parties shall not disclose any statement made during negotiations except as may be necessary to obtain the Bankruptcy Court's approval of this Settlement Agreement, to prepare financial statements or tax returns, or to comply with applicable law or by valid order of the Bankruptcy Court (including that certain *Order Granting Trustee's Motion for Entry of an Order (I) Approving Settlement with the Debtor Movants Pursuant to Fed. R. Bankr. P. 9019 and (II) Granting Related Relief* [D.I. 998] (the "Holdco Order")[1]) or any other court of competent jurisdiction, including as may be required to comply with a Party's obligation to report transactions to appropriate governmental, taxing, or registering agencies. If any Party or its representatives, directors, officers, shareholders, attorneys, insurers, employees, agents, subsidiaries, parents and related entities, predecessors, successors, or assigns receives an inquiry from the press or otherwise about this Settlement Agreement, such person shall respond that *"the matter has been resolved."*

---

[1] The Revised Settlement Agreement attached to and approved by the Holdco Order provides at Paragraph V: "**McKesson/Amerisource Litigation**. The Chapter 7 Trustee shall consult regularly with Holdco concerning the status, strategy and settlement of the lawsuits filed against McKesson Corp. and Amerisource Bergen. If Holdco does not consent to the amount of any settlement proposed by the Chapter 7 Trustee of the lawsuits against McKesson Corp. and/or Amerisource Bergen, then Holdco shall have the right to acquire such claims upon payment to the Debtors' Chapter 7 Estates of a sum equal to the value to the Debtors' Chapter 7 Estates of the Chapter 7 Trustee's proposed settlement." D.I. 998-1, p. 2, ¶V.

12. **Fees and Costs.** Except as provided in this Settlement Agreement, the Parties shall each be responsible for their attorneys' fees and costs arising from the Adversary Proceedings, including those associated with negotiation, preparation, and implementation of this Settlement Agreement.

13. **Terms and Conditions.** The Parties have each read the Settlement Agreement in its entirety and represent and warrant (i) that the Settlement Agreement, including each term and provision, as memorialized herein, has been explained to them by their legal counsel and (ii) that each understands all of the terms, obligations, releases, and other provisions of the Settlement Agreement.

14. **Authority.** The Parties each represent and warrant that they are duly authorized to execute this Settlement Agreement and that each intends to be legally bound by all provisions of this Settlement Agreement; provided, however, that the Trustee's authorization is subject to Bankruptcy Court approval, and this Settlement Agreement shall become effective upon the Approval Order becoming effective.

15. **Execution.** This Settlement Agreement may be executed in one or more counterparts, including by PDF or facsimile, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

16. **Entire Agreement.** This Settlement Agreement is a fully integrated agreement and constitutes the entire agreement and understanding between the Parties regarding the subject matter hereof. Each Party acknowledges that this Settlement Agreement controls over the Parties' prior discussions and negotiations.

17. **Modification.** Except as expressly set forth herein, this Settlement Agreement may not be amended except by a writing signed by all Parties.

18. **Conversion.** The Approval Order shall survive conversion of the Chapter 7 Cases to any other Chapter of the Bankruptcy Code.

19. **Jurisdiction.** The Parties acknowledge and agree that the Bankruptcy Court shall have jurisdiction over the Parties and the subject matter hereof to resolve all disputes arising from or related to the Claims and this Settlement Agreement.

20. **Choice of Law.** This Settlement Agreement shall be governed by the laws of the State of Delaware and shall be construed and interpreted in accordance with its laws, notwithstanding its conflict of laws principles or any other rule or regulation that would result in the application of any other state's law.

21. **Construction.** Each Party represents and warrants that it has had an opportunity to fully review the provisions of this Settlement Agreement, and, as a result, the Parties hereto acknowledge and agree that (i) any rule of law that provides that ambiguities are to be construed against the drafting party shall not be employed in the interpretation of this Settlement Agreement; and (ii) each Party signing this Settlement Agreement is entering into this Settlement Agreement knowingly, voluntarily, and of his or its free will.

WHEREFORE, the Parties execute this Settlement Agreement this 12th day of June, 2025.

**GEORGE L. MILLER, CHAPTER 7 TRUSTEE**

By: _____
George L. Miller
*Not individually but solely, in his capacity as Chapter 7 trustee for the bankruptcy estates of Akorn Holding Company LLC, Akorn Intermediate Company LLC, and Akorn Operating Company LLC*

**AMERISOURCEBERGEN DRUG CORPORATION**

By: _[signature]_____
Title: _VP, Accounts Payable_____

**MWI VETERINARY SUPPLY CO.**

By: _[signature]_____
Title: _VP, Accounts Payable_____

**WHEREFORE**, the Parties execute this Settlement Agreement this 12th day of June, 2025.

**GEORGE L. MILLER, CHAPTER 7 TRUSTEE**

By: *[signature]*
George L. Miller
*Not individually but solely, in his capacity as Chapter 7 trustee for the bankruptcy estates of Akorn Holding Company LLC, Akorn Intermediate Company LLC, and Akorn Operating Company LLC*

**AMERISOURCEBERGEN DRUG CORPORATION**

By: _____

Title: _____

**MWI VETERINARY SUPPLY CO.**

By: _____

Title: _____